**Dated: May 31, 2006**

**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**KAY DON GOSS**,                      Case No. 05-70378
Chapter 7

                   Debtor.

**TODD BOWLES AND MISTY BOWLES,**

                   Plaintiffs,

vs.                                    Adv. No. 05-7089

**KAY DON GOSS,**

                   Defendant.

**O R D E R**

On the 8th day of March, 2006, there came on for hearing Plaintiffs Todd and Misty Bowles'

("Plaintiffs") Motion for Summary Judgment, Debtor/Defendant Kay Don Goss' ("Defendant") Objection

to Plaintiffs' Motion for Summary Judgment, Plaintiffs' Reply to Defendant's Objection, and Defendant's Motion for Partial Summary Judgment and Plaintiffs' Response. Plaintiffs were represented by Clifton Naifeh, and Defendant was represented by D. Neal Martin. After reviewing the briefs and exhibits submitted by the parties and hearing the arguments of counsel, the Court hereby enters its findings of fact and conclusions of law, in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

## FINDINGS OF FACT

The parties have spent years litigating against each other and continue to dispute most of each other's factual allegations. For purposes of this adversary proceeding, however, this Court finds the following basic facts to be true and substantially agreed upon by the parties.

Defendant commenced this Chapter 7 bankruptcy on February 4, 2005. Prior to filing bankruptcy, the parties were involved in state court litigation arising from an injury suffered by Plaintiff Todd Bowles on September 3, 1999, at his workplace while employed by Defendant and Steven Michael Goss, doing business as Goss Feed Company.[1] Todd Bowles was injured when the rim of a tire he was changing for a customer separated and exploded, striking his head and fracturing his skull. Todd Bowles filed a workers' compensation claim pursuant to Oklahoma's Workers' Compensation Act. 85 O.S. § 1, *et seq*. At some point, it was discovered that Mr. Bowles' employer had no workers' compensation insurance coverage at the time of the accident. The parties entered into a settlement agreement prepared by the Goss defendants' attorney which would settle all claims of Todd and Misty Bowles which may have arisen from

---

[1] Steven Michael Goss also filed a Chapter 7 proceeding on the same day, Case No. 05-70374. An identical adversary proceeding was filed against him, Case No. 05-7087. Since the state court action was against both Kay Don Goss and Steven Michael Goss and related business entities, the court will refer to the state court defendants collectively as "Goss defendants."

2

the September 3rd incident including the dismissal with prejudice of his workers' compensation claim in exchange for $1,539.48.[2] According to its terms, this agreement was to be effective even if the Workers' Compensation Court refused to accept the dismissal with prejudice. As an incentive to enter into the settlement, the Bowles' were promised that the Goss defendants would pay for all medical bills and that Bowles would continue to be employed by the Goss defendants at full pay in spite of his limited ability to return to work. These terms, however, were not actually included in the written terms of the settlement agreement. This agreement was executed by the parties on October 20, 1999, and Todd Bowles' workers' compensation case was dismissed with prejudice on October 25, 1999. Todd Bowles' attorney was not involved in the preparation and execution of the settlement agreement nor was he consulted regarding the dismissal of Bowles' workers' compensation case. The Goss defendants' attorney filed the dismissal with prejudice of the workers' compensation case. At the Goss's request, Bowles' doctor signed a release which stated that Bowles could return to work on a limited basis. Todd Bowles did return to work at Goss Feed. He hired another attorney to set aside the dismissal of his workers' compensation claim but was unsuccessful. In December of 1999, Bowles ceased working for Defendant. Bowles claimed he was fired, while Defendants claimed Bowles quit.

On August 31, 2001, Plaintiffs filed suit against Defendant and Steven Michael Goss doing business as Goss Feed Company and Goss Cattle Company (the Goss defendants), as well as a number of other defendants, in Seminole County, Oklahoma, Case No. S-CJ-01-127. They sought to set aside the settlement agreement on the grounds of fraud, abuse of process, misrepresentation and other similar causes

---

[2] The settlement agreement specifically referred to the injuries as "lacerations to Todd Bowles forehead."

3

of action. Plaintiffs also alleged fraudulent transfers of assets among the Goss defendants, negligence, and wrongful discharge.[3] The Goss defendants defended on the grounds that Bowles was not an employee covered by the Oklahoma Workers' Compensation Act, and that he waived his right to sue them by entering into the settlement agreement.[4] Apparently, a mistrial occurred in the first jury trial due to some action of Steven Goss; however, certain testimony from that trial was considered in subsequent court proceedings. A non-jury trial was held as to several legal issues in the case. The trial judge determined that the settlement agreement and dismissal with prejudice of Bowles' workers' compensation claim were obtained through extrinsic fraud, therefore, it vacated the settlement agreement and dismissal of the workers' compensation case.[5] A second jury trial was held on the tort claims. Testimony of Todd Bowles' doctor indicated that at the time the settlement agreement and dismissal were executed, Mr. Bowles' injuries prevented him from fully comprehending the terms and legal consequences of the agreement. The jury returned unanimous verdicts in favor of Mr. Bowles in the amount of $548,925 and Mrs. Bowles in the amount of $62,000 against Kay D. Goss and Steven Michael Goss. The jury also made special findings by clear and convincing evidence that Defendants (1) acted in reckless disregard of the rights of others, and (2) acted intentionally and with malice towards others.[6] The trial proceeded to the second stage for a determination of punitive damages. Both Steven Goss and Kay Don Goss filed for bankruptcy in this court

---

[3]Plaintiffs Third Amended Petition and Pretrial Conference Order, Case No. S-CJ-01-127.

[4]Pretrial Conference Order, Case No. S-CJ-01-127.

[5]Transcript of Court Ruling January 21, 2005, and Court Minute, filed January 24, 2005.

[6]Verdict Forms filed February 4, 2005, and Judgment filed April 21, 2006 in Seminole County, District Court of Oklahoma.

4

on February 4, 2005. The trial judge was notified of the filing of bankruptcy by Steven Goss, therefore he excused Steven Goss from the punitive damages stage. The judge was not given notice of Kay Don Goss' bankruptcy filing, therefore he proceeded to trial as to punitive damages. Kay Don Goss testified that he was unable to satisfy the actual damage award to the Bowles and that his income was limited to social security and a small pension. The jury returned a verdict as to punitive damages in favor of Todd and Misty Bowles but entered the amount of punitive damages as zero. The jury verdict was not reduced to judgment until this Court granted Plaintiffs' Motion for Relief from Automatic Stay. The court has been furnished a copy of the state court judgment which was filed on April 21, 2006.

## CONCLUSIONS OF LAW

Plaintiffs have moved for summary judgment on the theory that the debt owed to them by Kay Don Goss pursuant to their state court judgment is nondischargeable in bankruptcy. The issue of nondischargeability is a matter of federal law governed by the terms of the Bankruptcy Code. *Grogan v. Garner*, 498 U.S. 279, 284, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991). The creditor has the burden to establish by a preponderance of the evidence that the debt is nondischargeable. *Id* at 291. Specifically, Plaintiffs argue that the debt of Defendants/Debtors Kay Don Goss and Steven Michael Goss is nondischargeable pursuant to 11 U.S.C. § 523 which states in relevant part:

(a) A discharge under section 727, 1141, 1228(b) of this title does not discharge an individual debtor from any debt . . .

(6) for willful and malicious injury by the debtor to another entity or to the

property of another entity.

For a debt to be nondischargeable under this section, a creditor must prove "a deliberate or intentional

5

injury, not merely a deliberate or intentional act that leads to injury." *Kawaahua v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

To prevail on a motion for summary judgment, the moving party must prove that there is no genuine issue as to any material fact and that they are entitled to summary judgment as a matter of law. Fed. R .Civ. P. 56(c); Fed. R. Bankr. P. 7056. Plaintiffs argue that the facts that are relevant in this adversary proceeding are not at issue, having previously been determined by the judge and jury in their state court action, therefore, the parties are precluded from relitigating the facts herein. They argue that the doctrine of issue preclusion, or collateral estoppel, applies to this case. Debtor argues that collateral estoppel does not apply because the jury verdict is not a final judgment, the findings as to fraud are unclear as to the issue of intentional and malicious conduct, that he was prevented from raising certain defenses in the state court action, and that there are issues of fact which make summary judgment improper. Defendant has filed his own Motion for Partial Summary Judgment as to discharge of the state court judgment pursuant to § 523(a)(4) and (6), stating that there are no material facts in dispute.

Federal courts have consistently accorded preclusive effect to state court judgments. *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Collateral estoppel is available in a bankruptcy dischargeability action. *Grogan v. Garner,* 498 U.S. at 284. When a federal court applies the collateral estoppel doctrine to a state court judgment, it must apply the preclusion law of the state in which the judgment was issued. *In re Shore*, 317 B.R. 536 (10th Cir. BAP 2003). In Oklahoma, collateral estoppel is referred to as issue preclusion, and holds that once a court has decided an issue of law or fact which is necessary to its judgment, the same parties or their privies may not relitigate that issue in another lawsuit brought under a different claim. *Salazar v. City of Oklahoma City,* 976 P.2d 1056,

Case 05-07089    Doc 43    Filed 05/31/06    Entered 05/31/06 13:17:40    Desc Main
Document    Page 6 of 14

1999 OK 20. The parties to be precluded must have had a "full and fair opportunity" to litigate the issue or issues resolved against them. *Id.* "The party relying on the defense of issue preclusion bears the burden of establishing that the issue to be precluded was actually litigated and determined in the prior action . . . and that its resolution was essential to a decision in that action." *Id.* at 1061.

The Goss defendants argue that they did not have a "full and fair opportunity" to litigate the issues in the state court action. Although they were not allowed to raise certain defenses in state court, they were given a full and fair opportunity to litigate. Under Oklahoma law, an employer is required to provide workers' compensation insurance for its employees. 85 O.S.§§ 11, 61. The consequence for failing to provide the mandated insurance is that injured employees are allowed to proceed against employers on actions at common law, and employers are prevented from raising defenses of negligence, contributory negligence, or assumption of risk. 85 O.S. § 12 . Oklahoma law barred the Goss defendants from raising the defenses of the employee's negligence or contributory negligence, and assumption of the risk, as a consequence of their failure to secure payment of compensation for an injured employee. 85 O.S. § 12. The state court judge determined, as a matter of law, that Todd Bowles was a covered employee under the Workers' Compensation Act and the defendants were not limited in defending as to that issue. Their own actions or inactions barred them from raising the specified defenses, not a "quirk" of Oklahoma law, as they describe it. They may not raise these defenses in federal court when barred by state law. Otherwise, they would be circumventing state law and essentially trying to disrupt or undo the state court judgment through the federal court. The *Rooker-Feldman* doctrine prohibits this court from acting as an appellate court to the state court or from being used to collaterally attack the state court judgment. *See, Crutchfield v. Countrywide Home Loans,* 389 F.3d 1144 (10th Cir. 2004). Additionally, the state

7

Case 05-07089   Doc 43   Filed 05/31/06   Entered 05/31/06 13:17:40   Desc Main
Document      Page 7 of 14

court action was not a summary proceeding issued by a court of limited jurisdiction. *See, Sil-Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1520 (10th Cir. 1990). The central focus of the state court action was the settlement agreement and dismissal of the workers' compensation case. As to the issues surrounding these events, the Goss defendants were not limited in presenting any defense. Accordingly, this court determines that the Goss defendants were afforded a full and fair opportunity to litigate in the state court action; thus, this element of issue preclusion is satisfied.

The other element which must be present for issue preclusion to apply is that the issue to be precluded herein must have been litigated and determined in the state court action and its resolution must have been essential to a decision in that proceeding. In other words, there must be an "identity of issues" between the state court judgment and this court's proceedings. *Shore* at 541. The state court action resulted in judgment for the Plaintiffs based upon an initial finding by the trial judge of fraud in inducing the Plaintiffs to settle their claims and dismiss the workers' compensation action for approximately $1500, as well as a general verdict and a special finding by the jury of intentional and malicious conduct by the Goss defendants. The jury's finding was based upon clear and convincing evidence, a higher standard of proof than is required in the bankruptcy court. The question for this court is whether these findings satisfy the "willful and malicious injury" standard under § 523(a)(6). If so, then there exists an identity of issues, and the parties will be precluded from litigating this issue before the court.

A "willful act" is one in which a debtor "must 'desire . . . [to cause] the consequences of his act or . . . believe [that] the consequences are substantially certain to result from it.'" *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (quoting *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley),* 235 B.R. 651, 657 (10th Cir. BAP 1999). Black's Law Dictionary defines "willful" as

8

"voluntary" or "intentional." *See, Kawaauhau* at 977, fn 3. "Willfulness" can be proven by direct evidence of specific intent to harm the creditor or his property, or indirect evidence that the debtor knew of the creditor's rights and that his conduct will cause some particularized injury or that injury was substantially certain to occur. *Longley* at 657. Although there were several issues decided in the state court action, a central issue which was essential to both the trial judge's decision to set aside the agreement and dismissal and the jury's verdict was whether there was intentional and malicious conduct by the Goss defendants in procuring the settlement agreement and workers' compensation dismissal.

The trial judge specifically made a finding of "extrinsic fraud" and the jury was instructed on fraud.[7] The debtors argue that the trial judge's decision to vacate the settlement agreement and workers' compensation dismissal based upon a finding of "extrinsic fraud" should not be viewed as dispositive by this court, that the record is insufficient, and that it does not meet the "willful and malicious injury" test. Oklahoma defines "extrinsic fraud" as: "(a) any fraudulent conduct of a successful party, (b) perpetrated *outside* of an actual adversary trial or process and (c) practiced directly and affirmatively on the defeated party, (d) whereby he was prevented from presenting *fully* and *fairly* his side of the case." *Patel v. OMH Medical Center, Inc.*, 987 P.2d 1185, 1196, 1999 OK 33, ¶ 25 (emphasis in original). The trial judge's reference to "extrinsic fraud" is persuasive on the issue of "willfulness" as, by definition, it means that the judge found direct and affirmative conduct by the Goss defendants on the Bowles to dismiss the workers' compensation case and enter into a settlement which was not in accord with their responsibilities as employers to pay for an employee's on the job injuries. "Direct" and "affirmative" are intentional actions.

---

[7] Bowles' Motion for Summary Judgment, Exhibit 9.

Additionally, the transcript of the judge's decision was presented to this court. That exhibit reflects the judge's express finding that the Goss defendants misrepresented to the Bowles that the written settlement agreement represented the entire agreement of the parties which included the promise to pay medical bills and to employ Mr. Bowles, when in fact the document did not include those terms. The judge conducted a non-jury trial before announcing his finding of fraud and setting aside the settlement agreement and dismissal. This finding of the trial judge meets the requirement under § 523(a)(6) of a "willful act."

The jury also found the requisite willful and malicious conduct. The jury was instructed on intentional interference with contract, deceit, fraud, abuse of process, and intentional and malicious conduct. These instructions required that the jury find conduct by the Goss defendants which was intended to be relied upon by the Bowles and cause injury. Upon reviewing the petition, pre-trial order, jury instructions, jury verdict, orders of the court and the final judgment in the state court action, it appears to this court that the willful and malicious injury was the actions of Kay Don Goss and Steven Michael Goss in fraudulently inducing the Bowles to agree to release and settle any and all claims against the Goss defendants and in obtaining the dismissal with prejudice of Mr. Bowles' workers' compensation claim. The injury to the Bowles from such actions was that, if enforced, they would be prevented from recovering any monies to pay for the injuries suffered by the Bowles as a result of the tire explosion. This resulted in them not recovering what they were entitled to and what the Goss defendants were required to pay under Oklahoma law. This most certainly meets the required willfulness element under § 523(a)(6) as the parties agree that the Goss defendants knew they had no insurance coverage for Bowles' medical expenses and therefore desired to limit their liability by settling with him for $1500. Although they apparently promised to pay his bills, they did not include this promise in the settlement agreement, leaving him with no recourse once the

10

workers' compensation case was dismissed.

As for the malice element of § 523(a)(6), this court follows the view that malice is present upon a showing that the injury was inflicted without just cause or excuse. *Bombardier Capital, Inc. v. Tinkler (In re Tinkler),* 311 B.R. 869, 880 (Bankr. D.Colo. 2004), citing *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904). A malicious injury is one in which the debtor either intended the resulting injury or intentionally took some action that was substantially certain to cause the injury. *Id.* Oklahoma's definition of malice matches this, and was provided to the jury in instruction 45: "Malice involves either hatred, spite, or ill-will, or else the doing of a wrongful act intentionally without just cause or excuse."[8] Again, in reviewing the state court decision, it appears to this court that the state court found that the injury was the fraud and abuse of process in obtaining the settlement agreement and workers' compensation action dismissal, and that injury was inflicted without just cause or excuse. Although the jury awarded no damages during the punitive damages portion of the trial, it did find for the Plaintiffs at that stage. The "intentionally and with malice" special verdict satisfies the creditors' burden of proof regarding identity of issues and clearly negates the debtor's argument that the jury verdict could have been grounded on negligence and not willful and malicious conduct. While it is true that the pleadings and judgments reflect that the Bowles did charge the Goss defendants with negligence, the majority of the instructions focused on intentional torts involving intentional and malicious conduct in obtaining the settlement agreement and dismissal of the workers' compensation case, and for wrongful discharge. They engaged in this action, according to Plaintiffs, to avoid personal liability for their employee's medical expenses incurred as a result

---

[8] Bowles' Motion for Summary Judgment, Exhibit 10.

11

of an on-the-job injury for which they did not have workers' compensation insurance coverage.

A similar situation existed in *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202 (9th Cir. 2000). A creditor who had obtained a prepetition state court judgment for unpaid wages against his employer argued that his debt was nondischargeable under § 523(a)(6) as a "willful and malicious injury." The Ninth Circuit agreed, finding that the debtor-employer's deliberate decision not to pay wages owed in violation of California law rose to the level of a tort. The court relied upon the state court finding of willfulness as the debtor knew he owed the wages, that injury was substantially certain to occur if not paid, yet the debtor chose not to pay and benefitted personally from that decision. No just cause or excuse was presented, and the malicious prong was thus satisfied. Likewise, the Goss defendants engaged in conduct designed to avoid the payment of compensation required by Oklahoma law and benefitted at Bowles' expense by not having to pay his medical bills.

The focus in this adversary proceeding as well as the focus in the state court case is on the Goss defendants' actions after Bowles' accident and whether those actions and resulting consequences qualify as a "willful and malicious injury" which excepts the debt from discharge. The Defendants/Debtors, however, argue that the focus should be on whether the Goss defendants intended to cause Bowles' injuries from the tire explosion and the lack of workers' compensation insurance, as was the situation in *Panalis v. Moore*. They also cite cases which hold that the failure to obtain workers' compensation insurance is not, in and of itself, a "willful and malicious injury." The facts in those cases, however, are quite different than the facts herein. The focus was on whether the failure to obtain insurance was the deliberate and intentional act causing injury, and *Moore* involved an independent contractor who was severely injured in an accident resulting from his own negligence. There was no finding of malicious conduct. Here, however,

12

the focus was not on the failure to have insurance coverage or a misrepresentation of insurance coverage but on the attempts after the injury to avoid legal responsibility and deny the Bowles' their rights under Oklahoma law. A physical injury is not required for nondischargeability under § 523(a)(6), and this court does not read *Moore* to require one. A debt under this section may also include an injury to property. Defendants argue that any harmful result from their conduct after the accident was remedied by setting aside the settlement agreement and vacating the workers' compensation case dismissal. However, that was not the sole remedy available to Plaintiffs under Oklahoma law. They were to be allowed to proceed on their claims at common law. Having determined that the Goss defendants intentionally and maliciously injured the Bowles, the jury was charged with the responsibility for determining how to compensate the Bowles. This court must honor its findings on that matter. *See, Crutchfield*.

The court does not view this case as one of artful pleading by Plaintiffs so as to turn a dischargeable debt into a nondischargeable one. Instead, this court believes that the causes of action alleged and determined in the state court action arose directly from the Goss defendants' actions in obtaining the workers' compensation case dismissal and settlement agreement. Although the initial physical injury to Todd Bowles was accidental, the Goss defendants' actions after that injury were not, as determined by the state court judge and jury. Applying the *Moore* test, the debt was the result of a willful and malicious act intended to cause injury to Todd and Misty Bowles.

The court notes that the jury also awarded damages to Misty Bowles based upon intentional and malicious conduct. The judgment also includes prejudgment interest totaling $135,312.24, and costs totaling $14,155.10. Any debt arising with respect to or by reason of a debtor's willful and malicious injury may be excepted from discharge. *See, Tanner v. Barber (In re Barber)*, 326 B.R. 463 (BAP 10th Cir.

13

2005); *Nolan v. Smith (In re Smith),* 321 B.R. 542 (Bankr. D. Colo. 2005).

The court finds that there is an identity of issues between the state court action and the matter before this court, that the Defendants/Debtors had a full and fair opportunity to be heard in the state court action, and, therefore, issue preclusion applies herein. Consequently, the Defendant is precluded from relitigating the issue of willful and malicious injury under § 523(a)(6) in this bankruptcy. The court finds that, based upon the findings and legal conclusions set forth herein, the creditors Todd and Misty Bowles have met their burden of proof by a preponderance of the evidence that their state court judgment qualifies as nondischargeable pursuant to § 523(a)(6).

Having found that the debt is nondischargeable pursuant to § 523(a)(6) the court finds that it is not necessary to consider the issue of discharge pursuant to § 523(a)(4).

IT IS THEREFORE ORDERED that the Plaintiffs Todd and Misty Bowles' Motion for Summary Judgment is **granted.** Judgment will be entered for Plaintiffs excepting the judgment debt from Defendant's discharge.

IT IS FURTHER ORDERED that the Defendant Kay Don Goss' Motion for Partial Summary Judgment is **denied.**

IT IS FURTHER ORDERED that the Pre-Trial conference on the remaining issues in this adversary proceeding is set for **Monday, June 26, 2006, at 9:00 a.m. in the U.S. Post Office & Courthouse, 4th & Grand Streets, Courtroom #215, Okmulgee, Oklahoma.**

# # #

14